**BROWN et al. v. FORE et al.**
(No. 1114—5036.)

Commission of Appeals of Texas, Section A.
Jan. 2, 1929.

Clark, Harrell & Starnes, of Greenville, for plaintiffs in error.

J. A. Dial, of Sulphur Springs, A. P. Dohoney, of Paris, and Neyland & Neyland, of Greenville, for defendants in error.

HARVEY, P. J. The defendant in error, Mrs. Etta Fore, brought suit herein against Virgil Husbands in his individual capacity and against B. R. Brown, Emmett McFadden, and Virgil Husbands, as executors of the will of F. M. Fore, deceased. In her petition, she claims to be owner of certain vendor's lien

notes executed by Virgil Husbands and payable to F. M. Fore, and seeks to recover judgment against Husbands thereon, with foreclosure of the vendor's lien. She further avers that said executors are asserting some sort of claim to said notes; and she seeks to have her claim thereto established as against them. Husbands answered in his individual capacity, but made no answer as executor. In his answer he admits liability on the notes. Brown and McFadden answered as executors, and in their answer set up claim to the notes as belonging to the estate of F. M. Fore, and seek to recover judgment against Husbands thereon, with foreclosure of the vendor's lien. Mrs. Fore claims the notes under an alleged parol gift to her from F. M. Fore of his claim to the unpaid purchase money for which the notes were given. Upon this claim of parol gift, issue was joined between Mrs. Fore and the executors, Brown and McFadden. Judgment was rendered by the trial court in favor of Mrs. Fore, awarding her a recovery on the notes and foreclosing the vendor's lien. From this judgment the executors, Brown and McFadden, appealed and the judgment was affirmed by the Court of Civil Appeals. 299 S. W. 950.

The material facts are as follows:

F. M. Fore died testate in the year 1923. Mrs. Etta Fore is his widow, having been married to him some 14 years when he died. There are two sets of notes involved in this controversy, each set representing the unpaid purchase money for a different tract of land. The first tract was sold by Fore to Husbands in the year 1918, and the second tract in 1921. At the time of each of these sales, Fore executed and delivered to Husbands a deed for the land sold. Each of these sales was entirely on credit, and in each instance the deed recited the execution of notes to Fore by Husbands for the unpaid purchase money, and the vendor's lien was expressly retained in the deed to secure payment thereof. Husbands immediately took and still holds possession of the land under the respective deeds, and at all times has recognized his liability for the unpaid purchase money. The notes recited in each deed were drawn up at the time the deed was executed, but Husbands did not sign them until after Fore died. Mrs. Fore had the unsigned notes when Husbands signed them, and he signed them at her instance.

At the trial in the court below, a jury was duly impaneled to try the case, and as the trial proceeded Husbands was called to the witness stand by Mrs. Fore. At her instance he testified, in substance and effect, that some time after the above deeds were executed, F. M. Fore told the witness that he, Fore, had given the said purchase money claims to his wife, Etta Fore, and directed the witness to pay same to her. The executors, Brown and McFadden, objected to this testimony

on the ground that same is prohibited by the provisions of article 3716 of the Statutes (Rev. St.) which reads as follows:

"In actions by or against executors, * * * in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, * * * unless called to testify thereto by the opposite party. * * * "

The trial court overruled the objection and admitted the testimony in evidence before the jury. Thereafter, by consent of all parties, the jury was discharged from further consideration of the case, and the cause was submitted to the court. After the jury was discharged, the executors, Brown and McFadden, moved to strike out the above testimony of Husbands, and also Mrs. Fore's testimony of similar nature which had been admitted in evidence before the jury over like objection from the said executors. The court sustained such motion in respect of the testimony of Mrs. Fore and struck same from evidence, but overruled the motion so far as it related to the testimony of Husbands. Thereafter the trial court rendered judgment for Mrs. Fore as has been stated.

■■ In their answer herein, as has been shown, the executors, Brown and McFadden, sued their coexecutor, Husbands, to enforce the latter's alleged liability to the estate of F. M. Fore on the notes. In equity, one executor is entitled to maintain a suit against his coexecutor upon a claim alleged to be due by him to the estate of the decedent. Peake v. Ledger, 8 Hare, 313; Crane v. Howell, 35 N. J. Eq. 374; McGregor v. McGregor, 35 N. Y. 218; Smith v. Lawrence, 11 Paige, 206; 1 Pomeroy, Eq. Jur. § 51. Since Husbands has not, in his pleadings, unqualifiedly admitted his liability to the estate, as alleged by his coexecutors, he cannot but be regarded as an opposite party to them, within the meaning of the statute. His above-mentioned testimony bears on the issue between him and his coexecutors as to his liability to the estate on the notes. His character of opposite party to said executors on this issue, could not be divested by his failure to plead to the issue as tendered by his coexecutors. Mrs. Fore also was virtually an opposite party to said executors on this issue; and was not entitled to call her co-opponent to testify as to statements by the decedent bearing on such issue. His testimony as to such statements is rendered incompetent by the statute.

The plaintiffs in error contend that, with the incompetent testimony of Husbands excluded from consideration, there remains no evidence in the record to support the judgment of the trial court. This contention should be overruled. The record contains testimony of the witness Walker Garrison as follows:

"F. M. Fore was my great uncle. F. M.

Fore is dead. I do not really remember the date of his death. Prior to his death I had occasion to see and be with him. * * * I had a conversation with him in regard to some vendor's lien notes he had taken from Mr. Husbands and Mr. Grounds. I was talking to Uncle Franz Fore and he said he had sold some property to Mr. Husbands and Mr. Grounds, and he said he gave the notes to his wife, Mrs. Fore, this lady here. I do not remember how long that was before his death; if he died in 1923, it must have been in 1922."

The record discloses that the "Mr. Grounds" mentioned by this witness had also bought land from F. M. Fore on credit, which was a different tract from those bought by Husbands, and that Husbands bought from Fore no other land than that involved in this suit.

▮ The above testimony of Garrison, with the explanatory facts just stated, raise the fact issue of an executed gift to Mrs. Fore of the purchase-money claims in controversy. A valid parol transfer of a claim sounding in debt may be made, notwithstanding the claim is not evidenced by writing. Rollison v. Hope, 18 Tex. 446; White v. Downs, 40 Tex. 236. The rights with which F. M. Fore was invested, and which constituted the subject-matter of the alleged gift, had no corporeal existence, and therefore a delivery of possession to the donee was not requisite to the consummation of a valid gift of those rights by the donor. Cowen v. First Nat. Bank, 94 Tex. 547, 63 S. W. 532, 64 S. W. 778. Even if a symbolic or a constructive delivery were necessary to complete a parol gift from a husband to his wife, as urged by counsel, the fact that such delivery was made may be inferred from the declaration of F. M. Fore that he had made the gift. Lord v. New York Life Ins. Co., 95 Tex. 221, 66 S. W. 290, 56 L. R. A. 596, 93 Am. St. Rep. 827; Richardson v. Hutchins, 68 Tex. 87, 3 S. W. 276.

▮ Counsel for Mrs. Fore insist that since the case was not tried to a jury, and the fact issue of a gift to Mrs. Fore is raised by testimony other than that of Husbands, the presumption should be indulged that the incompetent testimony of Husbands was disregarded by the trial court in rendering judgment for Mrs. Fore. Ordinarily, such a presumption will be indulged in favor of a judgment rendered by a trial court without the aid of a jury. But the presumption loses its force when it reasonably appears from an inspection of the record that the incompetent testimony influenced in some degree the action of the trial court in rendering the judgment it did. Moore v. Kennedy, 81 Tex. 147, 16 S. W. 740. It is believed that the circumstances attending the introduction of the testimony of Husbands, and the motion of the plaintiffs in error to strike it out, are such as to leave little room to doubt that such incompetent testimony was regarded by the trial court as competent testimony, and that it influenced the rendition of the judgment. On account of this error, the judgment must be reversed.

It is also insisted that the writ of error herein should be dismissed for want of jurisdiction. It is provided by article 1728 of the Statutes, as amended in 1927 (Gen. and Sp. Acts 1927, c. 144), that:

"The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the state, extending to all questions of law arising in the following cases: * * *

"3. Those involving the construction or validity of statutes necessary to a determination of the case. * * *"

▮ From what has already been said, it will be observed that this case involves the construction of a statute, to wit, article 3716. The application of such statute to subject-matter claimed to come within its purview is involved. See National Compress Co. v. Hamlin, 114 Tex. 383, 269 S. W. 1024. Since the opinion of the Supreme Court in the case cited was rendered, section 3 of the statute above quoted has been amended by adding thereto the words "necessary to a determination of the case." These added words mean, we think, that whenever jurisdiction of the Supreme Court depends exclusively on the fact that the particular case involves the construction of a statute, the circumstances of the case must be such that a decision by the Supreme Court as to the meaning of such statute, or as to its application to subject-matter in the case, will necessarily determine the disposition to be made of the case by that court. Such a case is presented here. Under the circumstances of the present case, as disclosed by what has already been said, a decision of the question as to whether the inhibition of article 3716 does or does not have application to the testimony of a witness in the situation of Husbands would necessarily determine the disposition of the case by the Supreme Court. The motion to dismiss for want of jurisdiction should be overruled, and we so recommend. We further recommend that, because of the error committed by the trial court, as has been shown, the judgment of that court, and that of the Court of Civil Appeals affirming same, be reversed and the cause remanded.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.