# RANKIN et al. v. KERRVILLE BUS CO.
## No. 10244.

Court of Civil Appeals of Texas.
San Antonio.
April 13, 1938.

E. P. Lipscomb, of San Antonio, for appellant.

Eskridge & Groce, of San Antonio, for appellee.

SLATTON, Justice.

Mrs. Margaret Hall Rankin, wife of Julian Rankin, received injuries to her person while riding as a passenger in a bus owned and operated by the Kerrville Bus Company. E. P. Lipscomb filed suit in the Seventy-Third district court for Julian Rankin against the bus company. The suit was settled between the Rankins and the bus company for a consideration of $3,000 paid to the Rankins by the company. The settlement was made through the attorneys for the bus company and an attorney other than Mr. Lipscomb for the Rankins. Shortly after the settlement, E. P. Lipscomb intervened in said suit and sought a recovery of a one-half interest in and to the claim set-

tled by the Rankins, upon the theory that Mrs. Rankin had assigned a one-half interest in and to her cause of action against the bus company, and that her husband had ratified the employment of Mr. Lipscomb by Mrs. Rankin. His recovery was based upon other theories hereinafter discussed. At the close of the evidence the trial court instructed a verdict against Mr. Lipscomb in favor of the bus company, hence this appeal.

It is in evidence that Mrs. Rankin, prior to the accident, had used Mr. E. P. Lipscomb as her attorney in certain estate matters pending in Bexar county. Upon the question of his employment by Mrs. Rankin, Mr. Lipscomb gave the following testimony: "She (meaning Mrs. Rankin) asked me what I was going to charge her, and I said, 'Oh, the customary half interest in the case, half of whatever you may get out of the case.' That is always the way I answered her, and she told me to go ahead with the case. I at one time reminded her, 'One-half of whatever you get belongs to me,' and she said, 'Oh, sure.'" Mr. Lipscomb further testified with reference to his correspondence with Mrs. Rankin: "I would have accepted an attorney's fee for less than half, and I was relying on my clients to pay my fee out of their money."

Mrs. Rankin and her husband were married in the year 1924, and live on property belonging to them, used in part as a residence and as tourist courts. While they do not live in the same house, Mr. Rankin contributes to her necessary support. After the filing of suit by Mr. Lipscomb, he had conferences with the adjuster for the bus company, as well as the company's counsel, and took the deposition of Mrs. Rankin in his office. The bus company prepared releases for the signatures of Julian Rankin and his wife, Mrs. Rankin, to settle and compromise the claim of the Rankins against the bus company, which recited a consideration of $3,000. These releases were forwarded to Mr. Lipscomb, who sent them to Mrs. Rankin at Austin, Tex. The release was partially printed and the spaces filled with a typewriter. The spaces wherein the consideration of the sum of $3,000 was filled in by typewriter were crossed out by a pencil by Mr. Lipscomb and $2,000 written over in pencil by him. Mr. Lipscomb testified that this was done for the reason that on the day previous he had communicated with Mrs. Rankin over the telephone, at which time he agreed to allow her the sum of $2,000 out of the settlement. In his letter of transmittal of these releases to Mrs. Rankin, Mr. Lipscomb advised her that the bus company was willing to pay her the sum of $2,000, and pay him a fee and costs. Mrs. Rankin presented these releases to Julian Rankin, her husband, and he employed another attorney, who came to San Antonio and made a settlement of the case with the attorney for the bus company for a consideration of $3,000.

It is a serious question in our minds whether the evidence above quoted is sufficient to raise a jury question of an assignment on the part of Mrs. Rankin of a one-half interest in the cause of action against the bus company. It is well settled in this state that a valid assignment may be made by parol. Brown v. Fore, Tex.Com. App., 12 S.W.2d 114, 63 A.L.R. 435. On account of other views entertained by us, we may assume that such evidence does create a valid assignment, if Mrs. Rankin could give a valid assignment of the community property existing of the marriage of Julian Rankin and his wife, Mrs. Rankin. Under the statutes of this state, Vernon's Ann.Civ.St. art. 4619, the husband during the marriage relation has the right to dispose of the community property of the husband and wife. In the construction of this statute, the courts have held that the husband has the exclusive control, management, and right of disposition of the community property, except in certain specified exceptions not material here. In the early case of Ezell v. Dodson, 60 Tex. 331, in which a married woman brought a suit to recover damages for personal injuries resulting from an assault and battery, the trial court sustained an exception to her right to maintain her suit, and in affirming this ruling our Supreme Court said: "Our statute does not expressly give to the wife the right to sue alone for the community estate in any case whatever, but decisions of this court heretofore made have allowed her in certain exceptional cases to exercise that privilege, or at least to control the community estate, which would imply a right to sue for its recovery. These exceptions have thus far been confined to cases where the husband has abandoned the wife for a considerable period of time, and she was destitute of the means of support unless she resorted to the community property, in which she had an equal interest with himself."

■ It has been many times held in this state that the wife cannot maintain a suit to recover damages for personal injuries to herself during coverture. This is so even where the husband is joined pro forma. Houston Gas & Fuel Company v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; Western Union Telegraph Company v. Owings, Tex.Civ.App., 38 S.W.2d 831.

■■ It is clear that damages accruing to the wife for personal injuries are community property of the wife and her husband, and in view of the statutes and the authorities, we are of the opinion that the parol assignment of Mrs. Rankin, without the joinder of her husband, was ineffectual to convey any interest in the cause of action asserted by the Rankins against the bus company. It is the appellant's view that as against him the bus company cannot assert the coverture of the wife. The bus company had dealt with Mr. Lipscomb as attorney for Mr. Rankin. The evidence shows that upon the receipt of the releases in the condition as above described, Mrs. Rankin took the releases, together with some correspondence from Mr. Lipscomb to Mrs. Rankin. In the correspondence there was not even an intimation that an assignment had been made by Mrs. Rankin to Mr. Lipscomb. Mr. Lipscomb had advised the bus company that he had an interest in the case. He had advised the attorney for the bus company that he had an attorney's fee in the case. Mr. Rankin employed a lawyer of his own selection, other than Mr. Lipscomb, and authorized him to settle the controversy, and testified by affidavit (offered by appellant Lipscomb) and by deposition that he had not authorized Mr. Lipscomb to represent him, and that the suit was filed by Mr. Lipscomb without authority. It appears to us that the bus company, without any notice of the alleged parol assignment, as testified to by Mr. Lipscomb, and in view of the fact that the amount to be paid was the community property of Mr. and Mrs. Rankin, had the right to make the settlement if it deemed expedient to do so.

The appellant asserts that a married woman, being the equitable owner of an undivided one-half interest in her community estate, has the power to make an equitable assignment of an interest therein. Save for the exceptions noted in the statutes and recognized by the decisions, we are of the opinion that the husband has the right to dispose of the community property of the husband and wife.

■ It is further asserted by the appellant that Mrs. Rankin having for a period of ten years lived apart from her husband, that she had the right and the power to manage and dispose of her part of the community estate. The undisputed evidence in the record shows that Mr. and Mrs. Rankin did not live under the same roof together, but lived on the same piece of property in separate houses. The evidence further shows that Mr. Rankin contributes to Mrs. Rankin's support to the extent of her needs. These facts, in our opinion, do not authorize Mrs. Rankin to make contracts with reference to the community estate of herself and her husband. It is contended that under the doctrine of principal and agent the husband by the execution and delivery of the release and the retention of the $3,000, paid by the bus company to him and his wife, that this action amounts in law to a ratification of the employment of the appellant and the alleged parol assignment of an interest in the fund. The relation of husband and wife does not create the one as agent for the other. The burden of proof to establish that Mrs. Rankin was the agent of her husband was upon the appellant. The fact that Mr. Lipscomb was acting as an attorney for Mrs. Rankin in another matter is shown without dispute in the evidence. The only evidence as shown by the record that Mr. Rankin knew anything of Mrs. Rankin's dealings with Mr. Lipscomb with reference to the cause of action against the bus company was the releases and some correspondence from Mr. Lipscomb to Mrs. Rankin. The correspondence is barren of any evidence of an assignment, either written or in parol. The knowledge upon the part of Mr. Rankin that Mrs. Rankin had consulted with Mr. Lipscomb with reference to the cause of action against the bus company is no notice whatever that she had made any agreement in regard to the payment of a fee, much less an assignment of an interest in the cause of action. This is not a suit against the Rankins for attorney's fees based upon a contract, nor upon quantum meruit. This action is against the bus company. We are of the opinion that the evidence offered by the appellant is insufficient to show that Mrs. Rankin was the agent of her husband. Likewise, we are of the opinion that the evidence is insufficient to show a ratification on the part of Mr. Rankin.

Believing that all the propositions presented by the appellant are without merit, all are overruled and the judgment of the trial court is affirmed.

On account of several inaccuracies contained in our original opinion, the same is withdrawn and this opinion is substituted therefor.

Motions for further findings of fact and a motion to certify questions to the Supreme Court, and a motion for rehearing have been filed by the appellant, and have been seriously considered. The cause was disposed of in the trial court upon an instructed verdict, therefore, our statement of the facts is deemed to be sufficient. The appellant also has an adequate remedy to reach the Supreme Court by making an application for a writ of error. Therefore, all motions of the appellant are overruled.