Bill HENSLEE et ux., Appellants,

v.

Sydney M. ALEXANDER et ux., Appellees.

No. 4479.

Court of Civil Appeals of Texas, Eastland.

June 25, 1971.

Rehearing Denied July 16, 1971.

Jamail & Gano, William P. Cannon, Houston, for appellants.

Willoughby, Pope, Dickenson, Batjer & Glandon, Roger Glandon, Abilene, for appellees.

McCLOUD, Chief Justice.

This is a summary judgment case. Appellants, Bill Henslee and wife, Mary Ann Henslee, sued appellees, Sydney Alexander and wife, Patty Alexander, alleging that Mary Ann Henslee sustained personal injuries as a result of the negligence of appellees when she fell through a web-type chair while visiting appellees at their ranch in Knox County. Appellees filed a motion for summary judgment contending that as a matter of law they breached no duty to appellants and further that the claim asserted against appellee, Patty Alexander, was first asserted at a time more than two years following the alleged act and was therefore barred by limitations. The trial court rendered summary judgment for appellees and appellants have appealed contending that fact issues are raised.

At the time of the accident Mary Ann Henslee was a "social guest" of the Alexanders. While visiting the ranch the women decided to go fishing at a stock tank located on the ranch. Patty Alexander put some lawn chairs owned by appellees in the car to be used at the tank. While attempting to sit in one of the chairs the webbing broke and Mary Ann Henslee was injured. She had looked at the chair before attempting to sit down and had not noticed anything wrong with it. Sydney Alexander was working cattle at another location on the ranch at the time of the accident. The selection of chairs to be used was made by Patty Alexander and not by Sydney Alexander. Appellees could not remember when or where they had purchased the chair that broke. They had never restrung any of their web lawn chairs. The chairs were normally used on the patio and when they were not being used they were stored in a small building or garage or sometime some were stored outside the garage. Mrs. Henslee testified by deposition that following the accident Sydney Alexander told his wife, Patty Alexander, that she should have known that the lawn chairs were bad and she should have inspected them.

The accident made the basis of this suit occurred on August 25, 1968. Suit was filed against Sydney Alexander on June 18, 1970, alleging certain acts of negligence on his part. At that time he was the only party defendant. On October 5, 1970, an amended petition was filed adding Patty Alexander as a defendant. In this pleading specific acts of negligence were alleged against both Sydney Alexander and Patty Alexander.

This being a negligence action, it is governed by the two year statute of limitations. Appellants contend in their brief that they originally brought suit against "at least the community assets of both appellees by service of process on Sydney Alexander since Sydney Alexander was the agent of his wife, Patty Alexander, as to those community assets". Appellants also

say that service of process on him, as agent, was notice to her, as principal, and that "she was later added pro forma in accordance with the Texas Rules of Civil Procedure".

No authority is cited for this proposition and we have been unable to find any such rule. The citation served upon Sydney Alexander in no way purported to be in a representative capacity for Patty Alexander. Patty Alexander was not mentioned in the original petition.

Appellants contend that the addition of Mrs. Alexander as a party defendant is only pro forma. Black's Law Dictionary, 4th Edition, defines pro forma "as a matter of form". It is apparent from the amended petition that Mrs. Alexander was added as an additional party defendant based upon her alleged acts of negligence and not merely as a party pro forma.

■ We also disagree with appellants' contention that this is an action against the "community assets". It is quite obviously a negligence action and not one for title to community property.

We hold that the claim asserted against Patty Alexander is barred by the two year statute of limitations. Article 5526, Vernon's Ann.Civ.St. Also, unless the wife is acting as agent or employee of the husband, the husband is not liable for the wife's torts. Missouri-Kansas-Texas Ry. Co. v. Hamilton, 314 S.W.2d 114 (Tex. Civ.App.1958, writ ref. n. r. e.) wherein it is stated:

"It has long been the law in Texas that the relation of husband and wife does not create the one as general agent of the other. Rankin v. Kerrville Bus Co., Tex.Civ.App., 115 S.W.2d 997, 999; 23 Tex.Jur. 146. * * * In 23 Tex.Jur. 291, it is said, ' * * * the rule now is that the husband and wire are liable personally only for their individual torts.' "

■ Therefore, even if we should assume that Mrs. Alexander was in some manner negligent in selecting the defective chair, nevertheless, the testimony establishes as a matter of law that at the time of the accident Mrs. Alexander was not acting as agent or employee of Mr. Alexander. She and Mrs. Henslee were on a fishing trip for their own pleasure.

In Weekes v. Kelley, 433 S.W.2d 769 (Tex.Civ.App.1968, writ ref. n. r. e.) while discussing the duty owed a social guest we stated:

"In 65 C.J.S. Negligence § 63(136), pp. 920, 923, it is said that a host is not liable to his social guest for failure to exercise ordinary care. The rule is stated as follows:

'As a licensee on the host's premises, the guest generally takes the premises as he finds them, in so far as any alleged defective condition thereof is concerned, and assumes the ordinary risks or dangers incident to the condition of the premises. The host is not required to inspect the premises to discover defects or to maintain the premises in a safe condition for his guest. The guest is expected to take the premises as the host uses them and may not expect that they will be prepared for his reception or that precautions will be taken for his safety in any manner in which the host did not prepare or take precautions for his own safety or the safety of members of his family, or, as sometimes expressed, where one visits the private home of another as a social guest the owner is bound to take the same care of him that the owner takes of himself and other members of his family, and no more.

* * * * * *
The host is under a duty to refrain from inflicting on the guest willful or wanton injury, and some cases indicate that this is the extent of the host's duty or deny recovery in the absence of sufficient proof of willfulness or wantonness. In some jurisdictions the host must refrain from gross, as distinguished from ordinary, negligence * * *

Although there is some contrary authority, in many jurisdictions the host is under a duty to refain from injuring the guest as a licensee by active, as distinguished from, passive negligence. * * * ' "

Appellants alleged that appellees were negligent in failing to properly maintain the premises so as to render them safe and in failing to warn Mrs. Henslee of the possibility of the chair breaking. At the time of the accident, Sydney Alexander was working cattle on another part of the ranch. He did not furnish Mrs. Henslee with the chair in question and had no way of knowing that his wife was going to take this particular chair along on the fishing trip. We hold that the evidence shows as a matter of law that Sydney Alexander did not breach any duty owed appellants.

The judgment is affirmed.