Alice McDANIEL, Appellant,

v.

Reberta Lee ADAMS, Independent Executrix, Estate of Betty Mae Cooper, Deceased, Appellee.

No. 16599.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 18, 1975.

Rehearing Denied Jan. 15, 1976.

Jonathan L. LeBleu, Houston, for appellant.

Wm. M. Holland, Jr., Houston, for appellee; Holland, Gemoets & Tindall, Houston, of counsel.

PEDEN, Justice.

The appellant, Mrs. Alice McDaniel brought this suit to establish that Betty Cooper, deceased, had given her six non-negotiable time savings certificates and the funds in a checking account, pleading in the alternative the theories of gift *inter-vivos* and gift *causa mortis.*

Appellee claims the items in dispute for the estate of Betty Mae Cooper. A jury returned a verdict, on special issues, in favor of Mrs. McDaniel, but the trial court granted the appellee's motion for judgment notwithstanding the verdict. The jury's findings were:

1) On or about September 17, 1971, Betty Mae Cooper intended to make a gift of the subject time savings certificates to Alice McDaniel.

2) On or about that date Cooper delivered the certificates to McDaniel.

3) On or about September 28, 1971, Cooper intended to make a gift of the subject bank account to Alice McDaniel.

4) On or about that date Cooper delivered the bank account to McDaniel.

The appellant's points of error are that the trial court erred in granting a judgment notwithstanding the verdict because 1) the evidence was clear and undisputed as to the intention of the testatrix to make an inter-vivos gift of the items in question, 2) the testatrix had executed a power of attorney, 5) the signature card for the checking account shows the intention of the testatrix as it provides a right of survivorship in the co-owner, the appellant, 6) the language used in the codicil to the will constitutes an informal assignment of the items sufficient to comply with the requirement of delivery, and 7) equity, under the facts and circumstances, should look to the substance of the matter and not the form as regards delivery. The appellant's third and fourth points of error complain about the failure of the trial court to submit two special issues dealing with a gift *causa mortis,* but these points, as appellant concedes, were not preserved in compliance with Rule 279, Texas Rules of Civil Procedure.

The appellee concedes that the appellant established the donor's intent to give the certificates and the checking account to the appellant but contends there was no evidence to support the jury's findings that Betty Mae Cooper delivered the savings certificates and the bank account to Mrs. McDaniel.

Under her fifth, sixth and seventh points of error the appellant argues that the evidence raised fact issues of delivery of the funds in question. We reverse and render.

A court may render judgment notwithstanding the verdict if a directed verdict would have been proper, Rule 301, Texas Rules of Civil Procedure. To sustain the action of the trial court it must be determined that there was no evidence on which the jury could have made the findings in question. All testimony must be considered in a light most favorable to the party against whom the motion was granted, and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Leyva v. Pacheco,* 163 Tex.

638, 358 S.W.2d 547 (1962); *Burt v. Lochausen*, 151 Tex. 289, 249 S.W.2d 194 (1952).

We review the pertinent evidence. Prior to her death on November 3, 1971, Betty Mae Cooper acquired six non-negotiable time savings certificates in the face amount of $11,000 and a checking account with the First City National Bank of Houston. Mrs. McDaniel testified that on or about September 17, 1971, Betty Mae Cooper gave her the savings certificates, and Mrs. Ninfa Lorenzo testified that when she visited Betty Mae Cooper in St. Joseph's Hospital in September of 1971 Mrs. Cooper said she had given her "C.D.s" to Mrs. McDaniel. In her will executed on August 17, 1971, Betty Cooper devised her entire estate to Reberta Lee Adams and appointed her executrix of the estate, but in a codicil, executed by the decedent on October 1, 1971, she made specific bequests to others and stated: "I have given the money in my checking account to Alice McDaniel . . . I have given all of my Savings Certificates to Alice McDaniel . . ." Both of these instruments had previously been admitted to probate.

Mr. Lawrence Petrue, an official of the First City National Bank, identified a signature card on a checking account bearing only the name of Betty Cooper and a later card bearing the signatures of both Betty Cooper and Alice T. McDaniel. The latter card provided that the bank shall pay the funds in the account "to us, or either of us, or to the survivor of us . . ." It appears to have been dated by the bank on October 7, 1971. Margie Tucker, an assistant vice president in charge of the time deposits, testified that the bank's savings certificates are non-negotiable and cannot be transferred. A new certificate must be issued in the new owner's name, but delivery of the old certificates with a letter from the owner directing that they be reissued in the donee's name would suffice.

■ *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962), was a divorce case. The wife testified that when her husband had bought a Cadillac he had said, "I am giving you the car. I want you to have this Cadillac. I am keeping it in my name, because I am making payments on it . . ." On several occasions he told her that the automobile was hers. The court stated:

"The Court of Civil Appeals concluded that the evidence of respondent's acts and declarations does not support a finding of gift because there is nothing to show delivery of possession and an absolute parting with interest in the subject matter. While the authorities are agreed that actual or constructive delivery to the intended donee is ordinarily essential to an effective gift inter vivos, they disagree as to whether the trier of fact may find a delivery when there is no proof of it other than subsequent declarations of the donor. See Annotation 124 A.L.R. 1391. Texas is one of the jurisdictions holding that statements by the donor indicating that he had given the chattel to the donee are sufficient to raise an issue of fact as to whether there was a delivery. *Lord v. New York Life Ins. Co.*, 95 Tex. 216, 66 S.W. 290, 56 L.R.A. 596, 93 Am.St.Rep. 827. See also *Brown v. Fore*, Tex.Com.App., 12 S.W.2d 114, 63 A.L.R. 435."

We conclude that this holding of the Texas Supreme Court is dispositive of the issues in our case.

Mrs. Cooper's codicil stated that she had asked Mrs. McDaniel to give specified amounts from the proceeds of the time certificates to other named persons. The question of whether Mrs. McDaniel is entitled to the entire proceeds of the certificates as against the other named persons is not before us.

Reversed and rendered.