R. WATSON v. THE TEXAS & PACIFIC RAILWAY COMPANY.

No. 1296.

Res Judicata—Simultaneous Injury to Person and Property—Separate Actions.—A judgment for damage to property done by an accident which also occasioned personal injury to its owner, can not be pleaded in bar of a separate action for the personal injury.

APPEAL from the District Court of Eastland.    Tried below before Hon. T. H. CONNER.

*Cotton & Eagleton* and *R. B. Truly*, for appellant.—1.    Where claims are such that, although they might be joined, they must be separately stated as separate causes of action, even though they arose at the same time or on the same contract, a judgment on one does not bar an action on the other.    3 Willson's C. C., secs. 346, 360, 432.

2.    The true test is, whether the same cause of action was litigated and adjudicated in the former action that is involved in the second suit.    Phillipowski v. Spencer, 63 Texas, 604; Teal v. Terrell, 48 Texas, 491; Cook v. Burnley, 45 Texas, 97; Hall v. Morrison, 20 Texas, 179; Horton v. Hamilton, 20 Texas, 606; Lee v. Kingsbury, 13 Texas, 68; Foster v. Wells, 4 Texas, 101; Weatherford v. May, 4 Texas, 387; 3 Willson's C. C., secs. 57, 106, 360.

*B. G. Bidwill*, for appellee.—1.    The decision of a court of competent jurisdiction is conclusive not only as to the subject matter determined, but as to every other matter which the parties might have litigated in the case, and which they might have had decided.    Nichols v. Dibrell, 61 Texas, 539; Cromwell v. Lock Co., 94 U. S., 351; 7 Wall., 82; Trast v. Railway, 2 Allen, 331; Sykes v. Gerber, 98 Pa. St., 179, 183; Rosenmullen v. Lampe, 89 Ill., 212.

2.    Where a plaintiff brings an action for a part only of an entire indivisible demand, and recovers judgment, he can not subsequently maintain an action for another part of the same demand.    This is true whether the claim arises either from a contract or from a tort or wrong.    Millikin v. Smoot, 71 Texas, 759; Baird v. United States, 6 Otto, 430; 32 Am. Dec., 448; 26 Fed. Rep., 831; 1 Suth. on Dam., chap. 4; 1 Am. St. Rep., 624, and note.

TARLTON, CHIEF JUSTICE. — The record justifies the following statement of this case, taken from appellee's brief:

"The appellant shipped a carload of horses from Ranger, Texas, to Texarkana, Texas, over appellee's road, and on a written stock contract with it; appellant owned the horses shipped.    By the terms of said contract for the shipment of the horses, appellant went with them on a drover's pass to care for them.    At Fort Worth, the car in which the horses were confined was wrecked and the horses injured.    Appel-

lant was in a caboose in the same train with the horses, and sues for injuries to himself which he claims to have received in said wreck. Appellant sued the appellee for the injury to the horses, and recovered judgment."

This judgment the appellee paid, and it here pleads the judgment so rendered, and so paid, in bar of plaintiff's right to recover in this action.

The sole matter for our consideration is the correctness of the court's action in sustaining this plea.

We are of opinion that the cause of action asserted in the suit for the injuries inflicted upon the horses is not to be regarded as the same as that which is here urged. The injuries sustained in that cause and in this, being results of a common origin, would have to be viewed, were it exclusively a question of damages to property, as but elements for the measurement of the damages springing from the same source; and this suit, if brought under such conditions, would be considered as an attempt on the part of the plaintiff to *split* his demand, a practice which—especially in our system—is reprobated, with reference to actions both ex contractu and ex delicto. Fuller v. Parks, 39 Texas, 136; Guernsey v. Carver, 8 Wend., 492; 1 Suth. on Dam., 180–183; 21 Am. and Eng. Encyc. of Law, 212, note 2; 1 Am. and Eng. Encyc. of Law, 184c; Brannenberg v. Railway, 13 Ind., 103; Hughes v. Investment Co., 26 Fed. Rep., 831; Freem. on Judg., sec. 241; Black on Judg., sec. 738.

But it seems that an exception to this rule obtains where injuries caused by the same tortious act are inflicted upon a person and also upon his property. Thus, in Black on Judgments, section 740, the following language, citing authority, is used: "We have seen that as a rule only one cause of action can arise from one tort. But there are exceptional cases in which the same act may occasion several distinct injuries, and these may be made the basis of as many separate suits. Thus damage to goods and injuries to the person, although caused by one and the same wrongful act, are infringements of different rights, and give rise to distinct causes of action; and therefore the recovery of compensation for the damage to the goods is no bar to an action subsequently commenced for the personal injury."

Adopting this view, we conclude that the learned trial judge erred in sustaining the defendant's plea, and we order that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

Delivered September 25, 1894.