Opinion adopted by the Supreme Court.

## HOLLIS et al. v. TARRANT COUNTY et al.

### No. 2057—6851.

Commission of Appeals of Texas, Section A.

March 17, 1937.

See, also (Tex.Civ.App.) 89 S.W.(2d) 835.

Charles T. Rowland and Lloyd E. Price, both of Fort Worth, for plaintiffs in error.

Jesse E. Martin, Willis McGregor, Samuels, Foster, Brown & McGee, and Cecil C. Rotsch, all of Fort Worth, for defendants in error.

HICKMAN, Commissioner.

This case originated in the county court. Tarrant County sued Chester Hollis, ex county clerk, claiming that without proper authority he allowed himself certain credits as compensation or salary to which he was not entitled under the law. It is made to appear that in January, 1927, the commissioners' court of Tarrant County entered an order set out in the opinion of the Court of Civil Appeals allowing $1,500 to county officials as ex officio salaries. Under that order Hollis retained $338.11 for the year 1928, that being the difference between the $1,500 allowed him as ex officio salary in January, 1927, and the amount of one-fourth of the excess fees collected by Hollis during the year 1928. It was and is his contention that the order applied to 1928 the same as 1927. In the trial court judgment was rendered denying the county any recovery. That judgment was reversed by the Court of Civil Appeals and judgment rendered against Hollis and his bondsmen for $338.11 with 6 per cent. interest per annum from January 1, 1929. See 76 S.W.(2d) 198.

An application for writ of error was made by Hollis and granted with this notation: "Granted on the construction of the statutes." A more careful examination of the application after the submission of the case discloses that the Supreme Court has no jurisdiction to decide the case on its merits, and that the application should accordingly be dismissed. As a general rule the Supreme Court does not have jurisdiction of a case arising in the county court, but it does have jurisdiction of such case if it involves the construction or validity of statutes necessary to a determination of the case. R.S. art. 1728, as amended by Acts of 40th Legislature, 1927, c. 144 (Vernon's Ann.Civ.St. art. 1728). Prior to the amendment of 1927, article 1728, subd. 3, read as follows: "Those involving the construction or the validity of statutes."

By the amendment of 1927, that subdivision was made to read as follows: "Those involving the construction or validity of statutes necessary to a determination of the case."

In construing that section this court held in Brown v. Fore, 12 S.W.(2d) 114, 117, 63 A.L.R. 435: "* * * These added words mean, we think, that whenever jurisdiction of the Supreme Court depends exclusively on the fact that the particular case involves the construction of a statute, the circumstances of the case must be such that a decision by the Supreme Court as to the meaning of such statute, or as to its application to subject-matter in the case, will necessarily determine the disposition to be made of the case by that court. * * *"

In the case of Mooers v. Hunter (Tex. Com.App.) 67 S.W.(2d) 860, the construction given that section in the Brown v. Fore Case was reaffirmed.

 Applying the rule thus established to the application before us in this case, it is found that there is no real controversy involved as to the construction of any statute, but only one as to the construction of the order of the commissioners' court made in January, 1927, allowing $1,500 as ex officio salaries to the various county officers. A decision of the case in no sense rests upon a construction of any statute. We have no jurisdiction of a county court case on the ground that the construction of an order of a commissioners' court is involved.

The application for writ of error is dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court.