## WEST DISINFECTING COMPANY V. TRUSTEES OF CROSBY INDEPENDENT SCHOOL DISTRICT.

No. 7518. Decided October 23, 1940.
Rehearing overruled December 4, 1940.
(143 S. W., 2d Series, 749.)

*McCombs & Andrews,* of Dallas, for plaintiff in error.

*Tom R. Jones,* of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This is a suit by the plaintiff in error, West Disinfecting Company, against defendant in error, Trustees of Crosby Independent School District, for the purchase price of certain janitor's supplies. It originated in the justice court and upon appeal therefrom to the county court was tried de novo resulting in a judgment in favor of plaintiff in error for the amount sued for. The Court of Civil Appeals held that the petition upon which the case was tried was subject to a general demurrer, and upon that holding reversed the judgment of the county court, rendering it in part and remanding it in part. 121 S. W. (2d) 661.

As we understand the opinion of the Court of Civil Appeals it based its holding that the petition was subject to a general demurrer upon two grounds. The first ground was that the petition did not contain the allegation that the remedy of appeal throught the state and county school authorities had been exhausted before resort was had to the courts. The second ground

was that the petition failed to contain the allegation that at the time the supplies were purchased and at the time of the filing of the suit the school district had on hand funds to pay for such supplies.

■ The writ was granted upon the construction of the statutes involved. Since the case came to the Court of Civil Appeals from the county court, in order for the Supreme Court to have jurisdiction thereof on the ground that it involves the construction of a statute, such construction must be necessary to a determination of the case. Article 1728, R. S. 1925, dealing with the appellate jurisdiction of the Supreme Court provides, in section 3 thereof, as follows: "Those involving the construction or validity of statutes necessary to a determination of the case." The words "necessary to a determination of the case" were added to the statute by amendment in 1927.

In Brown v. Fore (Com. App.) 12 S. W. (2d) 114, the court construed the amendment in this language:

"These added words mean, we think, that whenever jurisdiction of the Supreme Court depends exclusively on the fact that the particular case involves the construction of a statute, the circumstances of the case must be such that a decision by the Supreme Court as to the meaning of such statute, or as to its application to subject-matter in the case, will necessarily determine the disposition to be made of the case by that court."

That construction has been followed by subsequent decisions. Mooers v. Hunter (Com. App.) 67 S. W. (2d) 860; Gulf C. & S. F. Ry. Co. v. Hamilton, 126 Texas 542, 89 S. W. (2d) 208; Hollis v. Tarrant County, 129 Texas 176, 102 S. W. (2d) 1055.

Applying that rule of construction to the record before us, this is made to appear: In so far as the decision of the Court of Civil Appeals was based upon the first ground named above, it rested upon the construction of certain articles of the statutes referred to in the opinion. But in so far as that decision was based upon the second ground named above, it did not rest upon the construction of any statute. The disposition to be made of the case here will not therefore necessarily be determined by our decision as to the meaning of such statute. To illustrate, should we decide that the Court of Civil Appeals incorrectly construed the statutes but correctly sustained the general demurrer upon the second ground named in its opinion, our judgment would be one of affirmance, and would not be determined by our construction of the statutes. We therefore have no jurisdiction on the ground that the construction of statutes is involved.

■ But it is claimed that we have jurisdiction to pass upon the second ground of the court's holding because of a conflict of decisions. The only claim is that such holding conflicts with the opinion of the Court of Civil Appeals in Eldorado Independent School District v. Becker, 120 S. W. (2d) 476. The character of conflict which must exist to give the Supreme Court jurisdiction of a case tried, or which could have been tried in the county court is well stated in 11 Texas Jur. pp. 891 et seq., sec. 122, as follows:

"In order, on the ground of conflict of decisions, to give the Supreme Court jurisdiction on a writ of error, or in order to render it the duty of a Court of Civil Appeals to certify a question, there must be a well-defined and direct conflict with the decision of another Court of Civil Appeals or of the Supreme Court, or, in case of writ of error, a well-defined conflict with the decision of another Court of Civil Appeals, or with a prior decision of the court rendering the decision or of the Supreme Court. The conflict must be on the very question of law actually involved and determined, in respect of an issue in both cases, the test being whether 'one would operate to overrule the other in case they were both rendered by the same court.' In other words the question of law must be such that a decision thereof by the Supreme Court will necessarily control the disposition of the case in which the certification or writ of error is sought."

■ Such conflict must be made to appear in the petition, City National Bank in Childress v. Phillips Petroleum Co., 124 Texas 456, 78 S. W. (2d) 576, and the Supreme Court will not go behind the recorded opinions of the courts in the cases which are claimed to be in conflict for the purpose of determining whether or not such conflict actually exists. Dockum v. Mercury Ins. Co. 134 Texas 437, 135 S. W. (2d) 700. The application for writ of error does not show a conflict within the test above set out, neither do the recorded opinions of the courts in the two cases reflect such conflict. We therefore have no jurisdiction on the ground of conflict.

Having no jurisdiction of the case, we express no opinion on the questions discussed by the Court of Civil Appeals. It now appears that the application for writ of error was improvidently granted, and the order granting same will accordingly be set aside and the application dismissed.

Opinion adopted by the Supreme Court, October 23, 1940.

Rehearing overruled December 4, 1940.