**Matthew CORMIER, Appellant,**

v.

**HIGHWAY TRUCKING COMPANY et al.,**
**Appellees.**

No. 13329.

Court of Civil Appeals of Texas.

San Antonio.

April 2, 1958.

Rehearing Denied April 30, 1958.

Jack Fields, Port Lavaca, for appellant.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted in the County Court of Calhoun County by Matthew Cormier against Highway Trucking Company and Solomon Gonzales, seeking to recover damages to the automobile of plaintiff resulting from a collision between plaintiff's automobile and a truck driven by Solomon Gonzales and owned by Highway Trucking Company.

There had been a previous suit between these parties, based on the same collision, in which plaintiff recovered judgment against the defendants for personal injuries sustained by him in that collision. The defendants plead the judgment in the District Court as a bar to the cause of action in the County Court. The trial court sustained the plea of bar and granted a summary judgment that plaintiff take nothing as against the defendants. Matthew Cormier has prosecuted this appeal.

Appellant clearly states that the question here presented is: "May a Plaintiff who receives injuries to his person and damages to his property in a single occur-

rence bring two separate actions for damages against the same Defendant or Defendants, one for the injuries to his person and one for the injuries to his property without a recovery in one barring a recovery in the other?" This is a question of first impression in this State. There are two early cases which have a bearing on the matter: Watson v. Texas & P. Railway Co., 8 Tex.Civ.App. 144, 27 S.W. 924, and Texas & P. R. Co. v. Nelson, 9 Tex.Civ. App. 156, 29 S.W. 78. The facts in those cases distinguish them from the case we have before us and, therefore, do not settle the question here raised.

 The authorities of other jurisdictions are not in accord on this question. There is clearly a majority rule and a minority rule. In 127 A.L.R. at page 1081, the majority rule is stated as follows: " * * * a single wrongful or negligent act or omission causing an injury to both the person and the property of the same individual constitutes but one cause of action with separate items of damage, and * * * hence, the cause of action cannot be split, and a recovery of a judgment for either item of damage may be pleaded in bar of an action to recover for the other item of damage, * * *." In 127 A.L.R. at page 1083, the minority rule is stated as follows: " * * * damage to goods and injury to the person, although the result of the same wrongful act, are infringements of different rights, and give rise to distinct causes of action, and hence a recovery under one cause of action cannot be pleaded in bar of a recovery on the other cause of action, * * *."

We are of the opinion that the majority rule is the better rule, because it prevents a multiplicity of suits and at the same time does justice between litigants. Here a party, while driving his car, has a collision with a motor vehicle driven by another party, and as a result of such collision he sustains personal injury and damages to his automobile. He should seek to recover both of these items of damage in one lawsuit.

There is no good reason why the parties should be put through the expense and trouble of two lawsuits when the grounds of recovery of the two items of damages must be based on exactly the same facts. We realize that there are exceptions to this rule, but none of these exceptions are involved here and need not be discussed.

The provisions of Rule 97, Texas Rules of Civil Procedure, relating to compulsory counterclaims, and the provisions of Article 5539b, Vernon's Ann.Civ.Stats., relating to limitation as affecting amended and supplemental pleadings, indicate that the public policy of this State favors the bringing of but one suit to collect these two items of damages.

The judgment of the trial court is affirmed.