Clarence GARRETT, Appellant,

v.

George G. MATHEWS et al., Appellees.

No. 7011.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1961.

Rehearing Denied Feb. 6, 1961.

Folley, Snodgrass & Calhoun, Amarillo, V. G. Kolius, Amarillo, of counsel, for appellant.

Culton, Morgan, Britain & White, Amarillo, Richard L. Cazzell, Amarillo, of counsel, for appellees.

CHAPMAN, Justice.

This suit was instituted in the 47th District Court of Potter County by Clarence Garrett against George G. Mathews and the Checker Cab Co. seeking recovery for damages to plaintiff's automobile resulting from a collision between his automobile and the cab driven by George G. Mathews and owned by the Checker Cab Co.

There had been a previous suit between these parties, based upon the same collision, in which plaintiff, Clarence Garrett, recovered an agreed judgment in the amount of $1,090 for personal injuries sustained by him in that collision. The defendants pleaded the judgment in the same court for personal injuries as a bar to the subsequent cause of action asserted for damages to his automobile and asked for summary judgment based thereon. The trial court sustained the plea of bar and granted a summary judgment that plaintiff take nothing as against the defendants.

Subsequent to the filing of his suit for personal injuries and before the agreed judgment was entered, appellant Garrett was paid for the damages to his automobile by his insurance carrier, Mid-Continent Ins.

Co. and a contract was entered into between them by which the insurance carrier was subrogated to all the rights appellant had against appellee and which provided the insurance company might bring suit against defendants in the name of Clarence Garrett for recovery of damages to appellant Garrett's automobile.

Appellant urges this case as one of first impression in Texas. It is so nearly a "white horse" case to that of Cormier v. Highway Trucking Company et al., Tex.Civ. App., 312 S.W.2d 406 (No writ history) that we do not consider it a case of first impression. In that case Chief Justice Murray of the San Antonio Court of Civil Appeals quoted with approval the appellant's statement in that case of the question there presented as follows:

"May a Plaintiff who receives injuries to his person and damages to his property in a single occurrence bring two separate actions for damages against the same Defendant or Defendants, one for the injuries to his person and one for the injuries to his property without a recovery in one barring a recovery in the other?"

By brief appellees state without challenge from appellant either in oral argument or reply brief that they had determined with certainty through counsel in the Cormier case "that subrogation was also involved therein and that the real party in interest was not Matthew Cormier as reflected by the case style, but was, in fact, an insurance company, exactly as in this case now before the court!"

As clearly pointed out by Justice Murray in the Cormier case there is clearly a majority and a minority rule in the United States on this question. There are two early Texas cases which have a bearing on the matter in this state. They are Watson v. Texas & P. Ry. Co., 8 Tex.Civ.App. 144, 27 S.W. 924 and Texas & P. Ry. Co. v. Nelson, 9 Tex.Civ.App. 156, 29 S.W. 78, written by the same justice. We are in

accord with the San Antonio court that those cases on the facts distinguished them from our case and do not settle the question here raised. The facts are so obviously distinguishable that we feel it unnecessary to specifically point out the many separate features that prevent them from being proper authorities for the question before us.

Therefore, we feel compelled to follow the authority of the Cormier case so well reasoned by Chief Justice Murray and hold with that court that there is no good reason why the parties should be put through the expense and the trouble of two law suits when the grounds of recovery of the two items of damages must be based on exactly the same facts. We too are conscious that there are exceptions to this rule, but we do not believe those exceptions are present in this case. The judgment of the trial court is affirmed.

## On Motion for Rehearing

If we understand appellant's motion for rehearing he takes the position that in our opinion we accepted as evidence a statement in appellees' brief to the effect that the real party in interest in the Cormier case was an insurance company and not Cormier as reflected by the case style. It is difficult for us to follow such reasoning but if our statement is so interpreted we hasten to correct it. In drawing the analogy between that case and ours we merely made the observation that such statement was made in appellees' brief without challenge either in reply brief or in oral argument. That is a correct statement and we stand on it, though we are not considering such statement as constituting evidence. The Cormier case is well reasoned; we consider it more analogous to ours on the facts than is either the Watson case or Nelson case and prefer the so-called majority view on the question here involved. We do not consider the case of Davis v. Cayton, 214 S.W.2d 801 by our court, urged by appellant, as any authority for the question being here considered. The motion for rehearing is overruled.