TRADERS & GENERAL INSURANCE
COMPANY, Appellant,

v.

Martha M. RICHARDSON et vir, Appellees.

No. 6744.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 11, 1965.

Rehearing Denied March 3, 1965.

Vinson, Elkins, Weems & Searls, Houston, for appellant.

Carey Williams, Houston, for appellees.

STEPHENSON, Justice.

This is a subrogation suit. Defendants plead a former judgment as res judicata and in bar. Trial was before the court and judgment was for defendants. The parties will be designated as they were in the trial court.

Plaintiff, Traders & General Insurance Company, insured a truck owned by Jack and George Haflin, d/b/a Jack's Refrigeration. This truck was damaged in a collision with Martha Richardson November 28, 1960. Plaintiff paid $1,304.50 for such damages and was subrogated to the rights of Jack and George Haflin January 31, 1961. In May, 1961, Jack Haflin, individually and Jack and George Haflin, d/b/a Jack's Refrigeration, a partnership, brought suit against Martha M. Richardson and husband, Charles R. Richardson. This petition was in general terms and alleged that "plaintiffs" sustained injuries and damages in the sum of $35,-000.00. Special exceptions were filed to this petition but apparently were never passed upon. Plaintiff, Traders & General Insurance Company, had notice of this suit, but did not intervene and was not impleaded. Martha Richardson and her insurance carrier, Olympic Insurance Company, were notified of plaintiff's subrogation claim. In July, 1962, a compromise agreement was made for a consideration of $4,750.00 paid to Jack and George Haflin and an agreed judgment that "plaintiffs" take nothing was entered in their suit against Martha Richardson and husband. November 6, 1962, this present suit was brought.

The trial court filed conclusions of law holding that the judgment entered in the former suit was a bar to the present suit, and that the former judgment was res judicata as to the question of liability. The trial court also held that Traders & General Insurance Company was estopped to deny it was bound by such judgment.

■ There was one cause of action arising out of the collision between Jack Haflin and Martha Richardson. This was a cause of action for damages which included property damages to the truck and personal injury damages to Jack Haflin. Both elements of damages could be recovered in the suit by Jack Haflin and George Haflin against Martha Richardson. Even though there may be doubt as to whether or not the pleadings in the original suit were specific enough to include property damage to the truck, there is no doubt but that this was a proper element of damages which could be recovered under the one cause of action. The payment of money by Traders & General Insurance Company to Jack and George Haflin and the execution of the subrogation papers by Jack and George Haflin to Traders & General Insurance Company did not effectively split the cause of action. The splitting of the cause of action for damages under the circumstances in this case is not permitted under the law of this state. Garrett v. Mathews (Tex.Civ.App.1961) 343 S.W.2d 289; Cormier v. Highway Trucking Co. (Tex.Civ.App.1958) 312 S.W.2d 406. Traders & General Insurance Company could

have protected itself by filing an intervention while the first suit was pending. The judgment in the first suit is a bar to any recovery in this present suit.

Judgment affirmed.