Key, Carr & Clark, Donald M. Hunt, Lubbock, for appellees.

**Raymon HARRIS, Appellant,**

**v.**

**May JONES et vir, Appellees.**

**No. 4042.**

Court of Civil Appeals of Texas.

Eastland.

March 25, 1966.

Rehearing Denied July 15, 1966.

COLLINGS, Justice.

Our former opinion, dated February 4, 1966, is withdrawn and the following is substituted therefor.

Raymon Harris brought this suit against May Jones and husband, T. R. Jones, on May 8, 1962, to recover damages for personal injuries and property damage sustained by Raymon Harris in an automobile collision in Dickens County on or about June 30, 1961, between an automobile operated by May Jones and a vehicle owned and operated by Harris.

May Jones and husband, T. R. Jones, had previously, on August 24, 1961, filed suit against Raymon Harris in the District Court of Dickens County to recover their damages proximately resulting from the same collision. Harris was served with a citation in said cause, and on September 27, 1961, a judgment of dismissal with prejudice was entered. No answer or pleadings of any kind was filed in that case on behalf of Raymon Harris. At the time of the collision in question Raymon Harris was covered with a policy of liability insurance issued by National Farmers Union Property and Casualty Company.

In the instant case defendants, May Jones and her husband, T. R. Jones, filed a mo-

tion for summary judgment on the theory that, under Rule 97(a) of the Texas Rules of Civil Procedure, Harris' claim was a compulsory counterclaim in their former case against Harris which had been dismissed and that Harris' counterclaim which he now asserts in this suit was therefore barred. The defendants, Mr. and Mrs. Jones, also urged facts which they contend entitled them to judgment on the theory of res judicata or estoppel by judgment. The court granted the Jones' motion for summary judgment and rendered judgment that Harris take nothing. The judgment does not indicate upon which theory the trial court relied. Raymon Harris has appealed.

The motion for summary judgment filed by appellees, Mr. and Mrs. Jones, defendants in the court below, recites that they commenced an action arising out of the same transaction that is the subject matter of appellant's suit in this case; that such action did not require for its adjudication the presence of third parties of whom the court could not acquire jurisdiction; that, therefore, any claim arising out of said transaction was a compulsory counterclaim under Rule 97 of the Texas Rules of Civil Procedure, and should have been asserted by appellant Harris in the prior suit between the parties; that Harris was served with a citation in said cause and a judgment of dismissal with prejudice was entered; that the matters litigated in the prior cause were and are the same matters which are in issue in the instant suit; that the matters and facts set up in appellant's petition in the instant case were fully determined, adjudged and decreed in the prior case of Jones v. Harris; that said judgment was final, has never been reversed and finally adjudicates all the rights of the parties to this suit.

Rule 97(a), Texas Rules of Civil Procedure, provides as follows:

"A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Appellant presents points contending that the court erred in granting a summary judgment in favor of Mr. and Mrs. Jones because (1) no pleadings were filed in behalf of appellant in the former suit and that Rule 97(a) is, therefore, not applicable, (2) because, as a matter of law, appellant's liability insurance company could not, by setting and securing dismissal of the Jones' suit against appellant, bar appellant's right to recover damages resulting from the collision and (3) because appellant did not consent to or participate in the settlement and dismissal of the suit by appellees against appellant, and therefore, appellant's claim is not barred by the judgment of dismissal in the former suit.

In appellant's answer to appellees' motion for summary judgment he stated, under oath, that he suffered serious personal injuries in the collision; that he was confined in the hospital for 23 days and confined to his home for several weeks thereafter and was physically unable to return to work for several months following the collision; that appellees were fully aware of appellant's physical condition; that when appellant was served with citation in the prior suit he delivered the citation to an agent for appellant's liability insurance company; that said citation was thereupon delivered to Burl Lynn, the claims adjuster for such insurance company, and that the said Burl Lynn was fully aware of appellant's physical condition and injuries and was also aware of the fact that appellant Harris intended to file a law suit against the Jones for his personal injuries and property damage proximately resulting from such collision.

Appellant further stated, under oath, in his answer to appellees' motion for summary judgment that the said Burl Lynn, acting as agent for appellant's liability insurance company, did not engage the services of attorneys to represent Raymon Harris in such prior suit, did not cause an answer to be filed therein, and without the knowledge and consent of appellant Harris and against his known intentions, the said Burl Lynn effected a settlement of the prior law suit with Mr. and Mrs. Jones and caused a judgment of dismissal with prejudice to be entered; that appellant did not engage the services of an attorney to represent him in said cause, did not participate in, consent to or have any knowledge of the settlement of such case and judgment of dismissal until long after it was entered.

One of the exhibits to appellees' motion for summary judgment is a copy of the judgment of dismissal of the former suit entitled May Jones et vir v. Raymon Harris, Number 2563, in the District Court of Dickens County. This judgment recites that all matters in controversy between the parties had been fully and finally settled, that the statements in said motion to dismiss were true and correct and that the motion should be granted. The dismissal judgment appears to have been agreed to as indicated by the signatures of Mr. and Mrs. Jones and their attorneys and by Conner and Walker, designated as attorneys for the appellant Harris.

The question whether a counterclaim is compulsory is determined by Rule 97(a), supra. The counterclaim here under consideration complies with all the requirements of Rule 97(a), unless it should be held that the Rule applies only when the defendant in the prior suit filed an answer. We find no Texas cases exactly in point. Appellees rely upon Beach v. Runnels, 379 S.W.2d 684 (Tex.Civ.App. error ref.), and Stringer v. Munnell, 390 S.W.2d 484 (Tex. Civ.App. error ref.). In our opinion, those cases are distinguishable from the instant case if the Rule does require the filing of an answer, in that in both cases an answer in a previous automobile negligence suit had been filed for the insured by their insurer as authorized by a liability policy. In the instant case no answer was filed in the prior suit. In the instant suit and in both the cited cases no counterclaim was filed and the insurer, without notice to the insureds, agreed with the original plaintiff to settle the case and an agreed judgment was entered.

Rule 97(a), supra, is substantially the same as Rule 13(a) of the Rules of Federal Procedure. We have found no case holding that a requirement for a compulsory counterclaim, under the Federal Rule or under a similar State rule, is that an answer must be filed by the defendant in the prior suit. The weight of authority in states which have enacted a similar rule is that such a rule precludes a defendant who does not plead any counterclaim which he has from raising the same matter in an independent action regardless of whether he filed an answer. In Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001, it was held that where a motorist instituted an action against the driver of another automobile to recover damages resulting from a collision and such other driver, in accordance with the terms of his automobile liability policy, turned the petition and summons over to his insurer, and the motorist's counsel and insurer's counsel filed a stipulation without notice to the driver in accordance with which the suit was dismissed, the driver's cause of action against the motorist for damages arising out of the collision was held to be a compulsory counterclaim which he was required to have asserted in the motorist's action, and the driver's failure to file such counterclaim precluded him from asserting it in a subsequent suit. It is noted that the facts in the Keller case are substantially the same as in the instant case. The difference is that in the Keller case the original plaintiff and the insurer's counsel filed a stipulation prior to the entry of an agreed judgment and in the instant case there was no stipulation but there was a motion by the original plaintiff to dismiss,

with prejudice. The motion to dismiss is in substantially the same language as that in the stipulation in the Keller case.

In Pesce v. Linaido, 123 So.2d 747 (Dist. Ct.App.Fla.1960), although it appears that an answer was filed, the court obviously did not consider a pleading necessary to invoke the compulsory claim rule, as shown by the following language, set out on pages 749, 750 of the opinion:

"It has been generally held under Federal Rule 13(a) or similar state rules or statutes that a failure to so assert a compulsory counterclaim precludes assertion thereof in a subsequent action. Annotation 22 A.L.R.2d 621. This penalty has been applied for failure to assert a compulsory counterclaim where the first action has resulted in a consent or default judgment not tried upon its merits, but the action must necessarily have proceeded to a judgment."

Firemen's Ins. Co. of Newark v. L. P. Steuart & Bros., Inc., 158 A.2d 675, (D.C. Mun.App.1960), arose under Federal Rule 13(a), the rule from which 97(a) was taken. It was stated therein as follows:

"When Steuart filed its third-party complaint in the District Court action seeking indemnification from Crusty, Steuart and Crusty became opposing parties and it was incumbent on Crusty to assert any compulsory counterclaim it then had against Steuart or be barred from thereafter asserting it. Fed.R.Civ.P. rules 13 and 14, 28 U.S.C.A.; 3 Moore, Federal Practice § 14.17 (2d ed.). Crusty's claim against Steuart * * * obviously existed when Crusty was served with the third-party complaint and obviously its claim arose out of the same occurrence that was the subject matter of Steuart's claim. Thus Crusty's claim was a compulsory counterclaim and it was not asserted. * * * The judgment against Crusty in the District Court action was by default, but 'judgment entered after default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as one entered after answer and contest.' * * * By its default Crusty failed to assert the claim * * * [and] Crusty is barred from doing so * * *."

In Mensing v. Sturgeon, 250 Iowa 918, 97 N.W.2d 145, a prior suit had been filed by the Sturgeons against Mensing, who was served with due notice but filed no pleadings and made no formal appearance. The court in passing upon the same question that is presented in this case stated as follows:

"No counterclaim was filed by Mensing in the suit brought by the Sturgeons, although he had the opportunity to do so. Instead he elected to make a settlement with them and procure a dismissal with prejudice. His possible counterclaim, arising out of the same facts relied upon by the Sturgeons, was then barred by Rule 29. It was then matured; it was not the subject of a pending action; it was held by him against the opposing parties; and it did not require the presence of indispensable parties of whom jurisdiction could not be acquired. * * * Iowa is in the class of jurisdictions in which counterclaims are mandatory. In fact, we think the situation shown in the case at bar well illustrates the need for, and reason of, the rule."

Based upon the above authorities we hold that the cause of action here urged by appellant was a compulsory counterclaim in the prior suit between the parties under the provisions of Rule 97(a). Contrary to appellant's contention, the court did not err in granting a summary judgment for appellees because no pleadings were filed in behalf of appellant in the former suit. Appellant's points are all overruled.

The judgment is affirmed.