**H. E. EVANS, Appellant,**

v.

**Herminne VENGLAR et al., Appellees.**

No. 382.

Court of Civil Appeals of Texas.

Corpus Christi.

June 27, 1968.

Rehearing Denied July 11, 1968.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellant.

Morsund, Ball & Young, Frank J. Adelman, San Antonio, for appellees.

OPINION

GREEN, Chief Justice.

This appeal is from a summary judgment for the defendants in Cause No. 11,996 in the trial court styled H. E. Evans v. Herminne Venglar, et al. The summary judgment record in the trial court consisted of certified copies of the pleadings and decree from Cause No. 11,735 in the district court of Victoria County, Texas, styled Mrs. Gilbert Venglar, et al. v. Magnolia Petroleum Company, et al., the pleadings in the present Cause No. 11,996, and certified copy of the decree in civil action 251, H. E. Evans v. Standard Accident Insurance Company in the Federal district court, Victoria division, and interrogatories addressed to Evans and his answers thereto in this cause.

These instruments show that in an accident between cars driven by H. E. Evans and Gilbert Venglar, Evans was injured and Venglar was killed. Evans was operating his car in the course of his employment, and was paid workmen's compensation benefits for total and permanent disability by Standard Accident Insurance Company under the terms of a judgment entered in Civil Action No. 251 in the United States District Court in Victoria, Texas. Thereafter, Mrs. Venglar, the surviving widow, for herself and their three minor children, filed Cause No. 11,735 in the district court of Victoria County, Texas, against three defendants including H. E. Evans, to recover damages for the death of her husband and the minors' father, charging negligence of Evans as the proximate cause of the accident. That suit was eventually settled, with Evans' knowledge and approval, and an agreed judgment was entered by the terms of which plaintiffs recovered from defendants including Evans the total sum of $4,750.00 apportioned among the plaintiffs Mrs. Venglar and her children as per the decree. The judgment acknowledges payment and provides that no execution issue.

In the meantime, after the filing of No. 11,735 and long prior to the entry of the settlement judgment, this Cause No. 11,996 was filed in the name of H. E. Evans as plaintiff against Mrs. Herminne Venglar as surviving widow and sole heir of Gilbert Venglar, deceased, and as Administratrix of his estate. Plaintiff in 11,996 alleged that Evans' injuries were proximately caused by the negligence of Gilbert Venglar, and sought recovery in the amount to which the insurance carrier claimed subrogation rights. It was alleged in the petition that: " * * * This suit is brought by Standard Accident Insurance Company in the name of H. E. Evans by virtue of its statutory subrogation rights * * * for which Standard Accident Insurance Company is here seeking recovery in the name of H. E. Evans." Prior to the entry of the decree in No. 11,735, the defendant Mrs.

Venglar in this case No. 11,996 in her original answer sought to have the two causes consolidated, and to require the plaintiff in No. 11,996 to file a counter-claim in said No. 11,735. No order appears to have been made by the trial court on these pleas and although Evans was a defendant, and the insurance company had full notice of the proceedings in No. 11,735, Evans did not file a cross-action, and the company did not cross-file or seek to have its subrogation rights enforced in No. 11,735.

It is apparent from the record that the trial court concluded as the basis for the summary judgment that the final judgment rendered in Cause No. 11,735 was a bar to recovery by plaintiff-appellant in this cause No. 11,996 (trial court numbers), and that such bar applies to Standard Accident & Insurance Company as well as to H. E. Evans, so that there was, therefore, no genuine issue of any material fact remaining to be decided.

Appellant's contentions on this appeal, raised by three points of error, are summarized in appellant's brief as follows:

"In summary, this Motion for Summary Judgment was improperly granted for the reasons that: (1) The actual party plaintiff in this case is Standard Accident Insurance Company which brings the suit in the name of H. E. Evans as it is entitled to do under the provisions of Article 8307, Sec. 6a, Revised Civil Statutes of Texas. (2) Standard Accident Insurance Company was not a party to Cause No. 11,735 and, therefore, was not required to assert this cause of action in that suit under the provisions of Rule 97(a), Texas Rules of Civil Procedure, which applies only to compulsory counterclaims required to be brought by parties to suit. (3) H. E. Evans' failure to assert a compulsory counter-claim did not extinguish the right to recover for his injury which belonged to Standard Accident Insurance Company, and to that party alone, under the provisions of the Texas Workmen's Compensation Act. * * * "

When Evans failed to cross-file for damages for his personal injuries in Cause No. 11,735, and agreed to entry of judgment against him, he lost any cause of action which he might have had to recover for such injuries. Rule 97(a) Texas Rules of Civil Procedure; Beach v. Runnels, Tex. Civ.App., 379 S.W.2d 684, wr. ref.; Stringer v. Munnell, Tex.Civ.App., 390 S.W.2d 484, wr. ref.; Harris v. Jones, Tex.Civ.App., 404 S.W.2d 349, wr. ref. We refer to this Court's opinion in Serna v. Reyna, Tex.Civ. App., 418 S.W.2d 701, wr. ref. n. r. e., for further discussion of these cases.[1]

Any rights of the compensation carrier, Texas Standard Accident Company, to recover from appellees in this case are strictly statutory, and are dependent upon Art. 8307, Sec. 6a, which provides that when compensation benefits are claimed by an injured employé, the insurance carrier shall be subrogated to his rights against a third party tort-feasor "in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, * * *."

This statute does not provide for separate causes of action against the third party tort-feasor, one cause in the employee and another in the insurance company. There is but one cause of action against the third party tort-feasor, which belongs to the injured employee, who owns it burdened by the right of the insurance carrier to recoup itself for compensation paid. Houston Gas & Fuel Co. v. Perry, Tex.Com.App., 127 Tex. 102, 91 S.W.2d 1052, opinion adopted by Supreme Court; Traders & General Ins. Co. v. West Texas Utilities Co., Tex.Com. App., 140 Tex. 57, 165 S.W.2d 713, opinion adopted by Supreme Court; Texas Em-

ployers' Ins. Ass'n v. Texas & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746, 750 (5), wr. dis. judg. corr.; Hartford Accident & Indemnity Co. v. Weeks Drug Store, Tex.Civ. App., 161 S.W.2d 153, wr. ref. w. m. The statute subrogates the carrier to the employee's rights against the third party tort-feasor to the extent of the compensation payments, and authorizes it to enforce, in the employee's name or in its own the *liability* of said other person. Thus, before the issue of appellee's liability to Evans was determined adversely to Evans in No. 11,735, the insurance carrier was authorized to intervene in that cause in an effort to recoup its compensation by counter-claiming in Evans' name or in its own. In fact appellee sought to have appellant do so by plea in abatement and motion to consolidate filed in this Cause No. 11,996. Instead of filing the compulsory counter-claim of Evans to protect its own rights, it stood by, relying on its claims set forth in the subsequently filed suit No. 11,996, and knowingly allowed Evans to lose his rights against appellees. By so doing, there were no rights of Evans remaining against appellee for the insurance carrier to claim as subrogee under the statute. Gautreaux v. City of Port Arthur, Tex.Civ.App., 406 S.W.2d 531, wr. ref. n. r. e.; Traders & General Insurance Company v. Richardson, Tex.Civ.App., 387 S.W.2d 478, wr. ref. Since Standard's rights were, wholly those of a subrogee, we feel that its rights were, as a consequence, barred by the final judgment against Evans in Cause No. 11,735.

We consequently hold that the trial court did not err in concluding there was no genuine issue of any material fact to be decided, and in granting the summary judgment. All of appellant's points of error are overruled.

Judgment affirmed.

---

1. In *Serna,* this Court held that a prior judgment in which the cause of action of plaintiffs Reyna against the defendant Serna was dismissed *without prejudice,* Serna not having filed a cross-action, would not bar a subsequent suit by Serna against Reyna involving the same accident.