**Nabers PRICE, Jr., Appellant,**

v.

**O. Dean COUCH, Jr., Appellee.**

**No. 306.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Nov. 19, 1969.

Rehearing Denied Dec. 17, 1969.

J. R. Ramsey, Houston, for appellant.

Larry Funderburk, Houston, for appellee.

BARRON, Justice.

This is a subrogation action. On June 1, 1967, Nabers Price, Jr., whose subrogee is appellant, and O. Dean Couch, Jr., appellee, were involved in an automobile accident in Harris County. Couch filed a suit against Price claiming damages on November 20, 1967 in Cause No. 156,794. Price was served with citation in said cause on November 27, 1967 and filed his answer on or about December 16, 1967. An agreed judgment was entered in favor of Couch on January 28, 1969, and the judgment was signed nunc pro tunc on February 14, 1969.

Price's insurance carrier, Motors Insurance Corporation, paid $940.12 for repairs to Price's automobile and was assigned under its subrogation rights the claim against Couch in the above sum. Couch's insurer, Republic-Vanguard Insurance Company, was placed on notice of such claim by Motors Insurance Corporation on July 12, 1967. The claim was denied by Republic-Vanguard on July 21, 1967. On November 9, 1967, Couch was personally notified of the subrogation claim above.

Meanwhile, Nabers Price, Jr., on December 13, 1967, filed suit against O. Dean Couch, Jr. for damages allegedly resulting from the same automobile accident in Cause No. 157,364 in the County Civil Court at Law No. 2, Harris County, Texas.

Answer was filed in the second suit by Couch on December 27, 1967. By amended pleadings filed on May 8, 1969, Motors Insurance Corporation alleged that it was the real party at interest under its assignment from Price. The claim was for $940.12, and the suit remained showing Price as plaintiff in the second suit. The two lawsuits were filed in the same court.

On May 1, 1969, Couch, defendant in the second suit, filed motion for summary judgment contending that the second cause of action should have been asserted in the prior lawsuit as a compulsory counterclaim as contemplated by Rule 97(a), Texas Rules of Civil Procedure, and that by reason of the above the second cause of action, the present one, is barred under the doctrine of res judicata. Motors Insurance Corporation countered with the contention that the parties had notice of the subrogation claim prior to the entry of judgment in the first lawsuit and that Couch's motion should be denied.

Prior to the entry of judgment in Cause No. 156,794, the first suit in which Couch was plaintiff, the then attorney for Price notified the present attorney for Price in this cause, Honorable J. R. Ramsey, that a settlement had been reached in the first suit, and that under the terms of the settlement, a judgment was to be entered in favor of plaintiff, Couch, and against the defendant, Price. No action was taken by Price in the first suit by intervention or otherwise.

The motion for summary judgment filed on behalf of Couch was sustained on June 18, 1969 by the trial court on the ground that this action was barred by the judgment in the first suit. Motors Insurance Corporation has appealed, contending that it was an indispensable party under Rule 39, T.R.C.P., and that its cause of action could not be barred unless it was a party to the suit.

We believe that the payment of money by Motors Insurance Corporation for repair of Price's automobile and the assign-

ment of Price's interest under the subrogation agreement to the extent of such expenditure failed effectively to split the cause of action for damages resulting from the single automobile accident. The splitting of a cause of action for damages under the circumstances is not allowed under Texas law. Garrett v. Mathews, 343 S.W.2d 289 (Tex.Civ.App.), no writ hist.; Cormier v. Highway Trucking Co., 312 S.W.2d 406 (Tex.Civ.App.), no writ hist.; Traders & General Ins. Co. v. Richardson, 387 S.W.2d 478 (Tex.Civ.App.), writ ref. Motors Insurance Corporation had notice of the first suit before the final compromise judgment was entered therein, and it could have protected itself by intervening and filing a plea in abatement or by filing its counterclaim while the first suit was pending.

The summary judgment was granted by the trial court under the provisions of Rule 97(a), T.R.C.P., dealing with compulsory counterclaims. The case of Evans v. Venglar, 429 S.W.2d 673 (Tex.Civ.App.), no writ hist., is closely analogous to the present case. The insurance company in *Evans* on appeal made similar contentions there that are being made by Motors Insurance Corporation in the instant case— that the real party at interest is the insurance company and that the insurance company was not a party to the prior suit. The Corpus Christi Court of Civil Appeals rejected those contentions and affirmed the summary judgment. The Court stated at p. 675 as follows:

"Instead of filing the compulsory counterclaim of Evans to protect its own rights, it stood by, relying on its claims set forth in the subsequently filed suit No. 11,996, and knowingly allowed Evans to lose his rights against appellees. By so doing, there were no rights of Evans remaining against appellee for the insurance carrier to claim as subrogee under the statute. * * * Since Standard's rights were, wholly those of a

subrogee, we feel that its rights were, as a consequence, barred by the final judgment against Evans in Cause No. 11,735."

We see no real or material difference in subrogation rights under the workmen's compensation statute (Art. 8307, Sec. 6a), involved in the *Evans* case, and the case at bar. We hold that it was appellant's duty to intervene and file its counterclaim in the first suit. When it failed to do so its action was barred by the final judgment in Cause No. 156,794. See also Beach v. Runnels, 379 S.W.2d 684 (Tex.Civ.App.), writ ref.; Harris v. Jones, 404 S.W.2d 349 (Tex.Civ.App.), writ ref.; Stringer v. Munnell, 390 S.W.2d 484 (Tex.Civ.App.), writ ref.

Appellant contends that if the interest of Motors Insurance Corporation is barred by the entry of a prior judgment, then such prior judgment would be fundamentally erroneous under Rule 39, T.R.C.P., for failure to include appellant as an indispensable party. The first suit was by O. Dean Couch, Jr., as plaintiff against Nabers Price, Jr., as defendant. Couch was not required to sue the insurance company as a defendant in such tort action. On the other hand, if the insurance company subrogee wished to protect its rights against Couch in the first suit it was incumbent upon appellant to intervene and assert any and all claims it might have against Couch. No plea in abatement was filed, though either Couch or Price might have brought appellant into the suit. Appellant had notice of the suit and proposed entry of judgment and failed to take action. Neither party by plea in abatement or other motion sought joinder of the insurance company in the first case, and we hold that under the circumstances, appellant was bound to counterclaim under Rule 97(a) or lose its action against Couch. See Stringer v. Munnell, supra; Harris v. Jones, supra.

The judgment of the trial court is affirmed.