**Nabers PRICE, Jr., Petitioner,**

**v.**

**O. Dean COUCH, Jr., Respondent.**

**No. B–1945.**

Supreme Court of Texas.

Nov. 18, 1970.

Voorhees, Momberger & Ramsey, J. R. Ramsey, Houston, for petitioner.

Funderburk & Funderburk, Larry Funderburk, Houston, for respondent.

SMITH, Justice.

This suit was filed by Motors Insurance Company, the real party in interest, against O. Dean Couch, Jr. The trial court granted Couch's motion for summary judgment and the Court of Civil Appeals, at 448 S.W. 2d 862, has affirmed. We reverse and remand for trial.

The essential facts of this case are set out below in chronological order:

June 1, 1967

Nabers Price, Jr., and O. Dean Couch, Jr., were involved in a traffic collision.

July 12, 1967

Price's insurer, Motors Insurance Company, notified Couch's insurer that Motors had paid Price $940.12 under the property damage coverage in his policy, for damages to his automobile and that Motors had been assigned Price's claim against Couch.

July 21, 1967

Couch's insurer denied Motors' claim.

November 9, 1967

Motors personally notified Couch of its claimed subrogation rights.

November 20, 1967

Couch filed suit against Price for property damages arising out of the collision, in the Harris County Civil Court at Law. (Suit I) Motors did not participate in Suit I.

December 13, 1967

Motors Insurance Company filed, in the name of its insured, Nabers Price, Jr., a suit against Couch in the same County Court for the damages to Price's auto-

mobile. (Suit II; this is the suit giving rise to this appeal.)

December 16, 1967

Price filed an answer as Defendant in Suit I.

December 27, 1967

Couch filed an answer as Defendant in Suit II.

February 14, 1969

Judgment was entered nunc pro tunc for Couch in Suit I.

May 1, 1969

Couch, as Defendant in Suit II, filed a motion for summary judgment.

May 8, 1969

Motors Insurance Company filed pleadings in Suit II alleging that it was the real party in interest, and urging that the summary judgment be denied.

June 18, 1969

The trial judge granted Couch's motion for summary judgment in Suit II.

The Court of Civil Appeals affirmed the summary judgment, holding first that since splitting the causes of action for personal injuries and property damage which arise out of the same occurrence is not allowed under Texas law, citing Garrett v. Mathews, 343 S.W.2d 289 (Tex.Civ.App.—Amarillo 1961, no writ hist.) and Cormier v. Highway Trucking Company, 312 S.W.2d 406 (Tex.Civ.App.—San Antonio 1958, no writ hist.), Motors Insurance Company's having paid the cost of repairs to Price's automobile and acquiring his rights against Couch under the subrogation agreement in the policy failed effectively to split the cause of action. Then the Court of Civil Appeals held that Motors' cause of action was a counterclaim under Rule 97(a),[1] Texas

---

1. *Rule 97(a): Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at *the time of filing the pleading the pleader has against any opposing party,* if it arises out of the transac-

tion or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Emphasis added.

Rules of Civil Procedure, which imposed upon Motors the duty to intervene in Suit I if it wished to have its claim adjudicated. Since Motors failed to do so, the court held that its claim was barred.

■ This Court would not ordinarily have jurisdiction of a case of this nature, because the county court had original jurisdiction over it. Article 1821(1), Vernon's Annotated Civil Statutes. But because proper disposition of the case involves the construction by this Court of Rule 97(a), we take jurisdiction under Article 1728(3), Vernon's Annotated Civil Statutes. Brown v. Fore, 12 S.W.2d 114 (Tex.Com.App. 1929); Hollis v. Tarrant County, 129 Tex. 176, 102 S.W.2d 1055 (Tex.Com.App.1937); West Disinfecting Co. v. Trustees of Crosby Independent School Dist., 135 Tex. 492, 143 S.W.2d 749 (Tex.Com.App.1940). We have held that the Rules of Civil Procedure have the same force and effect as statutes. Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (Tex.Sup.1959); Gracey v. West, 422 S.W.2d 913 (Tex.Sup.1968).

■ Rule 97(a) does not impose a duty upon anyone to intervene in a lawsuit; rather, the rule compels a "pleader," i. e., one who is already a party in the lawsuit, to bring forward any related claims he may have against his opposition. The basis of the holding below that Rule 97(a) did, in this instance, require Motors to intervene in Couch's suit against Price, the insured, must be the court's conclusion that Motors' acquisition of Price's property damage claim against Couch failed to split that claim from all the other potential claims in the lawsuit. For that conclusion the court relied upon Cormier v. Highway Trucking Company, *supra*, Garrett v. Mathews, *supra*, and Traders & General Insurance Company v. Richardson, 387 S.W.2d 478 (Tex.Civ.App.—Beaumont 1965, writ ref'd). Those cases are, however, distinguishable on their facts. The last two cases cited are those most nearly resembling the instant case. In both, an insurer had been subrogated to a property damage claim and the insurer, after judgment was entered in a lawsuit between the original parties to the collision, attempted to maintain suit to recover the subrogated property claim. But it is important to note that in each of those cases the prior suit had been brought not by the other driver, as is the case here, but rather by the insured himself. Those cases hold that the insured's cause of action for his personal injuries and the cause of action for property damage, arising out of the same accident cannot be split and must be prosecuted in one lawsuit, even when he has assigned the property damage claim to his insurer; in effect, they impose upon the insurer, who has been subrogated to the insured's property damage claim, the duty to intervene in any lawsuit filed by the insured against the other party to the collision. But those cases do not impose upon the insurer the duty to intervene in a lawsuit filed by that other party against the insured. Neither does Rule 97(a), if correctly construed, impose upon the subrogee-insurer the duty to intervene in the other party's lawsuit, for the language of that rule is expressly directed to a "pleader" who is already a party to the lawsuit. The question of whether an insurer, subrogated to the property damage claim, must intervene in a lawsuit in which the insured is a defendant and counterclaims for his personal injury damages is not presented by this case, and is reserved for decision.

The judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded for trial on its merits.

Dissenting opinion by Walker, J., in which Greenhill, J., joins.

WALKER, Justice (dissenting).

I respectfully dissent, because it is my opinion that the Court of Civil Appeals was correct in holding that this case is ruled by Traders & General Ins. Co. v. Richardson, Tex.Civ.App., 387 S.W.2d 478 (wr. ref.). See also Garrett v. Mathews,

Tex.Civ.App., 343 S.W.2d 289 (no writ); Cormier v. Highway Trucking Co., Tex. Civ.App., 312 S.W.2d 406 (no writ). In *Richardson* the insurer paid its insured for collision damage to the latter's truck. The insured then brought suit against a third party for damages sustained in the collision. The insurer had notice of the suit but did not intervene and was not impleaded. By virtue of a compromise agreement, the suit was settled by payment of $4,750.00 to the insured and the entry of a judgment that the insured take nothing. In holding that this judgment was a bar to the suit subsequently instituted by the insurer, the court said:

> "The payment of money by Traders & General Insurance Company [the insurer] to Jack and George Haflin [the insured] and the execution of the subrogation papers by Jack and George Haflin to Traders & General Insurance Company did not effectively split the cause of action. The splitting of the cause of action for damages under the circumstances in this case is not permitted under the law of this state. Garrett v. Mathews (Tex.Civ.App.1961) 343 S.W.2d 289; Cormier v. Highway Trucking Co. (Tex. Civ.App.1958) 312 S.W.2d 406. Traders & General Insurance Company could have protected itself by filing an intervention while the first suit was pending. The judgment in the first suit is a bar to any recovery in this present suit."

Our problem here is not whether Rule 97 imposes upon the subrogee-insurer a duty to intervene in the suit instituted against the insured. Obviously it does not, and the cases cited above do not hold that the insurer is under such a duty where suit is brought by the insured. The question in those cases was whether, in view of the rule against the splitting of a cause of action, the judgment in the suit between the insured and a third party operated to bar a later suit instituted against the latter by the insurer. That is the ultimate question here.

According to the allegations of the first amended petition, Motors Insurance Company is subrogated to and received an assignment of only part of Price's claim for damage to the automobile. Price continued to own part of the claim, and *in so far as he was concerned* this was a compulsory counterclaim in the suit brought against him by Couch. Rule 97, T.R.C.P. The judgment in that case is clearly res judicata of any claim for damage to the automobile that might be asserted by Price against Couch, just as the judgment in *Richardson* was res judicata of any further claims by the Haflins against Martha Richardson. Under the rule against the splitting of a cause of action as applied in the latter case, the judgment in the suit brought by Couch against Price is a bar to any recovery in the present suit. In my opinion there is no material difference between that case and this. Unless the decisions cited above are reexamined and disapproved, therefore, I would affirm the judgment of the Court of Civil Appeals.

Greenhill, J., joins in this dissent.