**Billy Gunter HAYDEN and Annie Louise Hayden, Appellants,**

v.

**AMERICAN HONDA MOTOR CO., INC., Appellee.**

**No. 12–90–00058–CV.**

Court of Appeals of Texas, Tyler.

April 27, 1992.

Rehearing Denied Aug. 31, 1992.

Randy McLeroy, Center, for appellants.

Andy Navarro, Tyler, for appellee.

RAMEY, Chief Justice.

This is an appeal from the trial court's dismissal of the application under the TEXAS PROPERTY CODE of Appellants, Billy Gunter Hayden and wife, Annie Louise Hayden, to discharge and cancel a pre-bankruptcy judgment and lien in favor of American Honda Motor Co., Inc., Appellee. TEX. PROP.CODE ANN. §§ 52.021–.024 (Vernon 1984). We will reverse the judgment of the trial court and remand the case for further disposition; Appellee's counterpoint will be denied.

Appellee's judgment against Appellants in the amount of $43,151.27, plus interest and costs, was rendered on January 29, 1985 (hereinafter "first suit"). Abstract of judgment was recorded and indexed on March 20, 1985. At that time Appellants owned three tracts of land in Shelby County. Two of the parcels were thereafter conveyed by deeds of gift to the Apostolic Church of Center, Texas (hereinafter "Apostolic"); the third was the site of Appellants' residence and place of business.

On July 6, 1987, Appellants filed their voluntary petition for bankruptcy relief. By bankruptcy order dated November 16, 1987, the Haydens were discharged from personal liability for existing debts. In

July of 1988, Appellee filed its cause of action against Apostolic to foreclose the liens on the two tracts previously conveyed to the church (hereinafter "second suit"). Presentation of evidence in this second suit was concluded on July 17, 1989.

The next day, Appellants filed this third suit against the Appellee judgment creditor to cancel the judgment in the first suit and the abstract of judgment filed thereon as authorized by sections 52.021–.024 of the PROPERTY CODE. The court initially granted Appellants' requested relief after a trial on August 18, 1989, at which Appellee did not appear. Within thirty days, a motion to vacate and set aside the judgment and for a new trial was filed by Appellee, which, in turn, was granted on October 20, 1989.

On December 14, 1989, the trial court signed a judgment in the second suit foreclosing the liens upon the two tracts. Today, this Court has, by separate opinion, affirmed that judgment.

On December 15, 1989, Appellee filed its amended answer in this third suit, which included a pleading denominated "Plea in Abatement," praying for dismissal of Appellants' cause of action, or alternatively, an abeyance, pending final disposition of the second suit. Two weeks later, at a pretrial, non-evidentiary hearing on this plea in abatement, the trial court dismissed this third suit with prejudice.

■ Appellants bring two points of error. We will initially address their second point alleging that the trial court abused its discretion in granting Appellee's motion for new trial. The motion to vacate the judgment in the second suit and for a new trial was filed while the court retained plenary power over that judgment. TEX.R.CIV.P. 329b(e). Since that motion was filed during the period in which the trial court retained its plenary power, the order granting the motion to vacate and for a new trial was not subject to review, either by direct appeal or from a final judgment subsequently rendered. *Cummins v. Paisan Construction Co.*, 682 S.W.2d 235, 236 (Tex.1984);

*Burroughs v. Leslie*, 620 S.W.2d 643, 644 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). We overrule Appellants' second point.

■ Appellants' first point of error asserts that the trial court erred in dismissing their application for discharge and cancellation, because there was no evidence, or insufficient evidence, of a prior suit involving the same controversy, subject matter, issues and relief as in this third suit. Res judicata precludes the litigation of all issues connected with a claim that has already been tried, provided that those issues, with the use of diligence, might have been adjudicated in the prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

Appellants argue that the trial court only considered the pleadings in the second suit, together with arguments of counsel, at the hearing on the plea in abatement of the third suit, and thus there was no evidence to support the dismissal.[1] The second suit was an action to foreclose liens upon two specific tracts of land which Appellants admit are not in issue here; this third suit seeks judgment canceling Appellee's first suit judgment and abstract of judgment, without reference to the two tracts in issue in the second suit. Appellants were not parties to, nor had an interest in, the second suit. Likewise, Apostolic has no involvement in the issues, subject matter, relief or controversy in this third suit.

The only similarity of issues in the second and third suits was Apostolic's pleading in the second suit that the first suit judgment and liens on the two tracts had been canceled by the bankruptcy court's "Discharge of Debtor," and thus were not enforceable in the second suit. No independent application to cancel the first suit judgment and lien as authorized under TEX. PROP.CODE ANN. § 52.022(a) had been filed prior to the trial of the second suit. Thus, the statutory procedure underlying this third suit was not before the court in the

---

1. We do not decide whether an order of dismissal with prejudice was the correct procedural device for this pre-trial disposition.

second suit. Having no interest in the second suit, Appellants were not required to file suit under this Property Code procedure before the trial of the second suit, nor to intervene therein. Likewise, Apostolic, not a party to the judgment in the first suit, was not required to undertake to apply for, and successfully secure, cancellation and discharge of the judgment against Appellants and the liens, prior to the trial of the second suit. There was no evidence that the issues, subject matter, controversy or relief sought in the second suit were res judicata of the Appellants' cause of action in the third suit.

■ Appellee argues that the relief sought in this third suit was a compulsory counterclaim in the second suit, which was waived because not asserted in the prior case. Tex.R.Civ.P. 97(a). "The rule does not apply where the plaintiff in the second suit is not a party in the first suit." *Stevenson v. Reese*, 593 S.W.2d 828, 830 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). As stated, Appellants were not parties in the second suit. The doctrine of compulsory counterclaim "does not impose a duty upon anyone to intervene in a lawsuit...." *Price v. Couch*, 462 S.W.2d 556, 558 (Tex.1970). We hold that the Appellants' right to file this application to cancel was not waived as a compulsory counterclaim by the failure of a third party, Apostolic, to file for such relief in a prior lawsuit in which these Appellants were not parties.

■ Likewise, the doctrine of collateral estoppel did not authorize the court's dismissal of Appellants' claim in this suit. To successfully invoke collateral estoppel, it must be established that the parties were cast as adversaries in the earlier suit. *Bonniwell*, 663 S.W.2d at 818. This was not the case.

■ Appellee's liens on the two tracts were not canceled by, but survived, Appellants' bankruptcy discharge. *Farrey v. Sanderfoot*, — U.S. —, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991); *Johnson v. Home State Bank*, — U.S. —, 111 S.Ct.

2150, 2154, 115 L.Ed.2d 66 (1991). Furthermore, in a decision this year, the Supreme Court of the United States has held that after a bankruptcy discharge, a debtor cannot even reduce the dollar amount of the creditor's lien to the ascertained value of the collateral. *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). Although discharged in bankruptcy, a debtor thus remains obligated to pay the original personal judgment and lien in full. *Id.* Unless the value of the two foreclosed tracts extinguished the amount of the first suit judgment, the deficiency remains the debtor's obligation.[2] Absent cancellation and discharge by the trial court under Tex.Prop.Code Ann. § 52.021ff, real property acquired by the Appellant after discharge in bankruptcy is subject to the impression of Appellee's lien unless the amount of the judgment has been paid in full, or the judgment has become dormant.

■ Appellee contends that Appellants had no standing to assert this statutory procedure for cancellation, because, by Appellants' admission, "they have no interest in the property subject to the prior cause...." Where a party has a personal stake in a controversy, there is standing to sue. *City of Bells v. Greater Texoma Utility Authority*, 744 S.W.2d 636, 639 (Tex.App.—Dallas 1987, no writ). Since real property acquired by Appellants after bankruptcy may be impressed with Appellee's lien, Appellants have a personal stake in the first suit judgment and lien until discharged. We hold that Appellants have standing to invoke the provisions of Tex. Prop.Code Ann. § 52.021–.024 (Vernon 1984). As stated, there was no evidence of a prior suit involving the same controversy, subject matter, issues and relief as in this suit. Appellants' first point of error is sustained.

By way of reply point, Appellee seeks damages from Appellants for pursuing an alleged frivolous appeal for the purpose of delay. Tex.R.App.P. 84. In view of our disposition of the case, such damages are not awarded. Appellee's reply point is denied.

---

2. The record contains no proof of the value of the two tracts foreclosed in the second suit.

There having been no trial of the case, the order of dismissal of the trial court is reversed, and the cause is remanded for proper disposition.